IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| In re:<br><br>HUGH JOHN COFLIN,<br><br>        Debtor.<br><br>───────────────<br><br>HUGH JOHN COFLIN,<br><br>        Appellant,<br><br>    vs.<br><br>UNITED STATES TRUSTEE, et al.<br><br>        Appellees. | Civil No. 25-00395 MWJS-RT<br>Civil No. 25-00397 MWJS-WRP<br><br>ORDER TRANSFERRING APPEALS TO<br>BANKRUPTCY APPELLATE PANEL<br><br>Related Bankruptcy Appellate Panel<br>Appeals<br><br>BAP No. HI-25-1171<br>BAP No. HI-25-1172<br>Bk. No. 25-bk-00143-RJF |

## **INTRODUCTION**

Appellant Hugh John Coflin seeks to appeal three orders of the United States

Bankruptcy Court for the District of Hawaiʻi. Because Coflin did not initially elect to

have this court consider his appeal, his appeals should have been transmitted to the

United States Bankruptcy Appellate Panel of the Ninth Circuit (the "BAP"). But for

reasons unknown, his appeals were instead transmitted to this court. Further

complicating matters, some of Coflin's amended notices of appeals—in which he

indicates that he indeed wishes to have the BAP consider his appeals—were

transmitted to the BAP. To ensure that all related matters would be pending before the

same decisionmaker, the BAP transferred its duplicate appeals to this court.  At the same time, the BAP invited this court to consider whether it should, in turn, transfer the appeals back to the BAP.

In light of the BAP's order, this court offered all parties an opportunity to be heard on whether the appeals should be transferred to the BAP.  No party availed itself of that opportunity.  Having considered the matter, and with no party having raised any objection to a further transfer, the court TRANSFERS these appeals to the BAP.

## BACKGROUND

Coflin originally filed a petition in the United States Bankruptcy Court for the District of Hawaiʻi.  The Bankruptcy Court ultimately dismissed the case with a two-year bar on refiling and subsequently denied Coflin's motion to reconsider and set aside the dismissal (the "Dismissal Orders").  *See Coflin v. U.S. Trustee, et al.*, No. 25-cv-00397 (D. Haw. Oct. 2, 2025), Dkt. No. 5, at PageID.45.  It also denied Coflin's motion to reconsider and set aside the court's decision to grant Appellee JP Morgan Chase Bank's Motion for In Rem Relief from the Automatic Stay (the "Stay Order").  *Id*.

Coflin appealed these three orders—the dismissal and the two reconsideration denials—by filing a Notice of Appeal on September 8, 2025.  *Id*.  As the BAP noted in its order, Coflin "did not check the optional box to have the appeal heard by the United States District Court."  *Id*.  But for reasons unknown, "the bankruptcy court did not transmit this appeal to the BAP."  *Id.*

Two days later, on September 10, 2025, Coflin filed a second Notice of Appeal as to the Stay Order. *Id.* This time, Coflin "checked the box electing to have the appeal heard by the United States District Court rather than by the BAP." *Id.* That same day, Coflin also filed an "Amended Notice of Appeal" as to the Dismissal Orders, which also contained the election to this court. *Id.* at PageID.45-46. On September 11, the Bankruptcy Court transmitted the Amended Notice of Appeal for the Dismissal Orders to this court, which the court opened as 25-cv-00395 MWJS-RT. *See Coflin v. U.S. Trustee, et al.,* No. 25-cv-00395 (D. Haw. Sept. 11, 2025), Dkt. No. 1.

On September 12, Coflin amended his second Notice of Appeal for the Stay Order and again marked the box electing to have the appeal heard in the district court. *Coflin*, No. 25-cv-00397 (D. Haw. Oct. 2, 2025), Dkt. No. 5, at PageID.46. The Bankruptcy Court immediately transmitted this amended second Notice of Appeal to this court, which opened the matter as 25-cv-00397 MWJS-WRP. *See Coflin*, No. 25-cv-00397 (D. Haw. Sept. 12, 2025), Dkt. No. 1. But before the day was done, Coflin again filed a "Further Amended Notice of Appeal" of the Stay Order that—in line with the original notice filed on September 8—did not check the election box and included language stating "NO ELECTION TO DISTRICT COURT." *See Coflin*, No. 25-cv-00397 (D. Haw. Oct. 2, 2025), Dkt. No. 5, at PageID.46. The following day, Coflin filed a similar Further Amended Notice of Appeal indicating "NO STATEMENT OF ELECTION TO DISTRICT COURT" in the appeal of the Dismissal Orders. *Id.*

After receiving these Further Amended Notices of Appeal, the Bankruptcy Court transmitted the notices to the BAP, which opened the appeal of the Stay Order as BAP HI-25-1171 and the appeal of the Dismissal Orders as BAP HI-25-1172. *Id.* at PageID.47. The BAP subsequently transferred both appeals to this court "unless and until [the] district court orders otherwise." *Id.* at PageID.44 (capitalization omitted). It noted that "[i]f the United States District Court for the District of Hawaii determines that these appeals should be heard by the BAP and transfers the matters back to the BAP, the BAP will proceed with these appeals." *Id.* at PageID.47.

In light of the BAP's order, this court issued an order permitting any party wishing to be heard to "submit briefing addressing whether the court should transfer both appeals to the BAP by Monday, October 13, 2025." *See Coflin*, 25-cv-00395 (D. Haw. Oct. 9, 2025), Dkt. No. 7; *Coflin*, 25-cv-00397 (D. Haw. Oct. 9, 2025), Dkt. No. 6. The briefing deadline passed without any filing by any party, so the court now takes up the matter on its own motion.

## DISCUSSION

Under 28 U.S.C. § 158(c)(1)(A), as the BAP explained in its order, "each bankruptcy appeal shall be heard by the BAP unless the appellant elects *at the time of filing the appeal* to have such appeal heard by the district court." *Coflin*, 25-cv-00395 (D. Haw. Oct. 2, 2025), Dkt. No. 5, at PageID.47 (emphasis in original). And as the BAP has

previously held, the language of § 158(c)(1) "clearly requires an election to be made at the time the notice of appeal is filed." *In re Ioane*, 227 B.R. 181, 183 (B.A.P. 9th Cir. 1998).

In this case, Coflin filed his original Notice of Appeal for both the Stay and Dismissal Orders on September 8, 2025, and did not make the election to have the case heard by this court. *See, e.g., Coflin*, 25-cv-00395 (D. Haw. Sept. 11, 2025), Dkt. No. 1-1, at PageID.15. While Coflin later amended the notices to make such an election, he did not make the election opting out of the BAP's jurisdiction "at the time of filing" as required by § 158(c)(1). As a result, Coflin's appeals "should have been transmitted to the BAP." *Coflin*, 25-cv-00395 (D. Haw. Oct. 2, 2025), Dkt. No. 5, at PageID.47.

For unknown reasons, the appeals were initially transmitted to this court instead—and, to the extent that this was a clerical error, it was an entirely understandable one, given that Coflin filed four successive and contradictory notices of appeal for the Stay Order and three such notices for the Dismissal Orders. But the mere fact that the appeals were initially transmitted to this court is, of course, not a sufficient reason to keep them here in the face of § 158(c)(1)'s clear directions to the contrary. And the court has identified no other reason why the interests of justice would be undermined by transferring these appeals back to the BAP. Indeed, no party has argued against transfer, and Coflin's final and most recent notices of appeal indicate his desire to have the appeals heard by the BAP after all. *See Coflin*, 25-cv-00397 (D. Haw.

Oct. 9, 2025), Dkt. No. 5, at PageID.35; *Coflin*, No. 25-cv-00395 (D. Haw. Oct. 2, 2025),

Dkt. No. 6, at PageID.41.

## CONCLUSION

For the foregoing reasons, the court TRANSFERS these cases, Civil No. 25-00395

MWJS-RT, *Coflin v. U.S. Trustee, et al.*, and Civil No. 25-00397 MWJS-WRP, *Coflin v. U.S.*

*Trustee, et al.*, to the United States Bankruptcy Appellate Panel of the Ninth Circuit.  The

clerk of the court is instructed to CLOSE the case files.

IT IS SO ORDERED.

DATED:  October 29, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
Micah W.J. Smith
United States District Judge

Civil No. 25-00395 MWJS-RT, *Hugh John Coflin v. U.S. Trustee, et al.* and Civil No. 25-00397 MWJS-WRP, *Hugh John Coflin v. U.S. Trustee, et al.*; ORDER TRANSFERRING APPEALS TO BANKRUPTCY APPELLATE PANEL